UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
PAMLAB L.L.C., et al.,                          :
                                                :
                            Plaintiffs,  :   11 Civ. 9022 (TPG) (JCF)
                                                :
         – against –                           :   **OPINION**
                                                :
MACOVEN PHARMACEUTICALS, LLC,                   :
                                                :
                            Defendant.   :
                                                :
------------------------------------------------x

       Plaintiffs filed this suit against Macoven Pharmaceuticals, alleging that Macoven is violating plaintiffs' patent and trademark rights by producing and marketing a new pharmaceutical product.  Macoven moves under 28 U.S.C. § 1404(a) to transfer this action to the Southern District of Texas, Houston Division.

       The motion to transfer is denied.

## DISCUSSION

       28 U.S.C. § 1404(a) provides that a district court may transfer an action to any district where it may have been brought based on considerations of convenience to the parties and witnesses.  The court must first consider whether venue and personal jurisdiction over the defendant would be proper in the transferee court, and then if so, whether it would be appropriate to transfer the case.  Factors that courts are to consider include "(1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of documents and relative ease

of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel witnesses; and (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006). The moving party has the burden of proving that transfer is proper by clear and convincing evidence. Hershman v. UnumProvident Corp., 658 F. Supp. 2d 598, 600 (S.D.N.Y. 2009). Macoven is requesting a transfer to the Southern District of Texas. There is no dispute that the Southern District of Texas would have personal jurisdiction over Macoven and would have been an appropriate venue for the suit. Thus the only question concerns the propriety of transferring the case there.

As a preliminary matter, the court does not afford significant weight to plaintiffs' choice of forum because no plaintiff is from the Southern District of New York and the lawsuit has no connection to this district, aside from the fact that plaintiffs' preferred counsel is located here, which is not a sufficient basis to defer to plaintiffs' choice of forum. See Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998); Executone Information Systems, Inc. v. BDO Seidman, No. 92 Civ. 4013 (TPG), 1993 U.S. Dist. LEXIS 1338, at *5 (S.D.N.Y. Feb. 9, 1993). However, despite the court's lack of deference to plaintiffs' choice of forum, Macoven must still meet its burden of establishing the propriety of the transfer by clear and convincing evidence. See Payless

- 3 -

<u>Shoesource, Inc. v. Avalon Funding Corp.</u>, 666 F. Supp. 2d 356, 363 (E.D.N.Y. 2009).

  Macoven has not established that the Southern District of Texas is the locus of operative facts in this lawsuit or that important witnesses are located there.  It has supplied a declaration claiming that one potential witness is located in the Southern District of Texas and that its marketing and production activities are located there.  However, the record shows that at least some of the production activities occurred in Canada and Tennessee, and some of the marketing likely occurred in Kentucky.  Some nonparty witnesses are located in or near New York, while none are located in or near Houston, which makes New York slightly more convenient for witnesses.  No witnesses from Houston have supplied any evidence in this case to date and none are expected to testify at the upcoming preliminary injunction hearing.

  Therefore, Macoven has not shown by clear and convincing evidence that this case should be transferred to the Southern District of Texas.

## Conclusion

For the foregoing reasons, the motion to transfer is denied.

SO ORDERED.

Dated: New York, New York
       May 29, 2012

                                              /s/ Thomas P. Griesa
                                              Thomas P. Griesa
                                              U.S. District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/12
```

- 4 -